PASSPORT IMPORT CORPORATION, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Before BOE, Judge.

Court No. 76–5–01285

(Decided June 15, 1981)

*Doherty, Melahn and Middleton* (*William E. Melahn* at the trial) for the plaintiff.
*Stuart E. Schiffer*, Acting Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Jerry P. Wiskin* at the trial), for the defendant.

BOE, *Judge*: In the above-entitled action the plaintiff contests the appraisement of certain footwear imported from Spain and entered at Boston, Massachusetts on or about February 20, 1975. The plaintiff contends that the prototypes selected by the Customs Service in making the appraisement of said merchandise do not meet the definition of "like or similar" products contemplated by the statutory provisions.

Presumably, due in part to the age which this action has been permitted to acquire, the witnesses presented by the plaintiff, consisting of the national import specialist of the United States Customs Service and the president of the plaintiff company, offer conflicting testimony with respect to the identity of the merchandise in question as entered on or about February 20, 1975. During the course of the trial the evidence principally related to the importation of merchandise described in the commercial invoices as footwear possessing crepe rubber soles. Exhibits 3A, 3B and Exhibit 4 were introduced by the plaintiff as illustrative of the imported merchandise which was appraised upon direction of the customs national import specialist on the basis of American Selling

Price. The president of the plaintiff company, however, in his testimony maintained that the specific footwear, the appraisement of which he wished to protest, consisted of a "true espadrille" possessing a rope sole. No exhibits illustrative of footwear of this style or character were offered in evidence nor was any evidence, other than the somewhat dubious and conflicting testimony of plaintiff's president, offered to establish that the crepe rubber sole footwear, described in the commercial invoices, identified by the national import specialist and represented by Exhibits 3A, 3B and Exhibit 4, was not the imported merchandise in question entered on February 20, 1975.

The defendant's evidence in support of its alternative claim is cogent.

From the evidence adduced the court, accordingly, adopts the following:

### FINDINGS OF FACT

I. The merchandise in issue consisting of footwear was exported from Spain on or about January 20, 1975, and entered at the port of Boston, Massachusetts on or about February 20, 1975.

II. The merchandise, referred to in plaintiff's complaint and described in the commercial invoices as "Tiller (Topside)" and "Sexton," include an upper of fabric twill and basket weaves and a sole of crepe rubber. Plaintiff's Exhibits 3A, 3B and Exhibit 4 are fair and accurate representations thereof.

III. Upon liquidation the imported merchandise described as the "Sexton" was appraised at $8.00, less two percent packed, per pair; the merchandise described as the "Tiller (Topside)" was appraised at $6.75, less two percent packed, per pair, said appraisements having been made on the basis of American Selling Price in accordance with 19 U.S.C. § 1402(g).

IV. The imported merchandise is like or similar to the domestic footwear described as "Sandhopper" and "Crosswalk" manufactured by Uniroyal, Inc., Naugatuck, Connecticut, plaintiff's Exhibit 2 representing the said prototypes used in the appraisement of the subject merchandise.

V. All claims with respect to any imported merchandise, other than the "Sexton" and the "Tiller (Topside)," have been abandoned by the plaintiff.

VI. The imported merchandise is also similar to the domestic footwear described as "Daisy-Mae" and "Visa" manufactured by Oomphies, Inc., defendant's Exhibits C and D having been offered by defendant as representing said prototypes of the subject merchandise in support of its alternative claim.

VII. True espadrille footwear possessing rope soles is not the merchandise in question described in the commercial invoices in the instant action.

From the foregoing Findings Of Fact the court makes the following:

### CONCLUSIONS OF LAW

I. The plaintiff has failed to rebut the presumption of correctness attached to the appraisement of the subject imported merchandise by the Director of Customs based on American Selling Price, 19 U.S.C. § 1402(g).

II. The District Director of Customs properly appraised and assessed duty upon the merchandise in question on the basis of American Selling Price.

Let judgment be entered accordingly.